PER CURIAM.
Appellant pled guilty to a charge of uttering a forged instrument and was placed on probation for five years with adjudication of guilt withheld. Subsequently, she was charged with violation of probation, entered a plea of no contest, and her probation was modified. Thereafter, appellant was again charged with violation of probation by uttering a forged instrument and pled no contest to the violation and pled guilty to the charge of uttering a forged instrument. Her probation was revoked and she was adjudicated guilty of both uttering offenses and was sentenced on each offense to serve five years imprisonment, six months of which was to be served in the county jail after which she was to be placed on probation for three years. The sentences were to run concurrently. She was given credit for all jail time previously served though the amount thereof was not specified. Later, appellant was again charged with violation of her probation by uttering a forged instrument and she again pled guilty to the probation violation and to the substantive crime. She had previously been adjudged guilty of the crimes for which she was serving probation, and the court adjudged her guilty of the new offense of uttering a forged instrument and then sentenced, her to five-year concurrent sentences in the state penitentiary with credit for 40 days jail time previously served. Appellant contends here that the trial court erred in not giving her credit for six months that she served previously on the split sentence citing State v. Jones, 327 So.2d 18 (Fla.1976). The record before this Court, however, does not show whether appellant served a part or all of the six months split sentence. Also, it does not appear that appellant raised this question in the trial court.
The judgment and sentence are affirmed without prejudice to appellant to test the legality of the sentence by filing in the trial court a motion under Fla.R.Crim.P. 3.850.
McCORD, C. J., and SMITH and MELVIN, JJ., concur.