393 So.2d 3 (1980)
John Arthur WARGO, Appellant,
v.
STATE of Florida, Appellee.
No. PP-219.
District Court of Appeal of Florida, First District.
September 15, 1980.
John Arthur Wargo, pro se.
Jim Smith, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., Tallahassee, for appellee.
ROBERT P. SMITH, Jr., Judge.
This is an appeal from the trial court's denial of Wargo's Rule 3.850 motion to correct a sentence. On his plea of nolo contendere to a charge of sale of marijuana, Wargo was placed on probation for four years on condition, among others, that he spend the first nine months of probation in the Okaloosa County jail. Wargo's probation was later revoked, and he was sentenced to a two and a half year term on the underlying charge. Wargo alleges that in imposing sentence the trial court failed to credit or otherwise take into consideration 89 days of jail time spent pursuant to the probation order against the sentence. Florida law requires that a court must give a defendant credit for any jail time served as a condition of probation. State v. Jones, 327 So.2d 18 (Fla. 1976); Sims v. State, 369 So.2d 431 (Fla.2d DCA 1979). It is not clear whether the sentencing court took that jail time into consideration. The judgment is AFFIRMED but the case is REMANDED to the trial court for reconsideration of Wargo's credit for time served. If the court finds that Wargo is entitled to credit for time served, the sentence shall be reduced accordingly. The appellant need not be present at the reconsideration proceeding.
BOOTH, J., and WOODIE A. LILES (Retired), Associate Judge, concur.