PER CURIAM.
We have for consideration an amendment to Rule of Criminal Procedure 3.850. The Florida Bar opposes the amendment.
Appended to this opinion is the amended and new Rule of Criminal Procedure 3.850. Deletions are indicated by the use of struck-through type. New text is indicated by underscoring. All rules and statutes in conflict with this rule are hereby superseded as of the effective date of the rule. The 1984 Committee Note is not adopted by the Court. This rule shall become effective January 1, 1985, at 12:01 A.M. The two year time limitation begins to run when the judgment and sentence become final.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.
RULE 3.850 — MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE; HEARING; APPEAL.
A prisoner in custody under sentence of a court established by the laws of Florida claiming the right to be released upon the ground that the judgment was entered or that the sentence was imposed in violation of the Constitution or Laws of the United States, or of the State of Florida, or that the court was without jurisdiction to enter such judgment or to impose such sentence or that the sentence was in excess of the maximum authorized by law, or that his plea was given involuntarily, or the judgment or sentence is otherwise subject to collateral attack, may move the court which entered the judgment or imposed the sentence to vacate, set aside or correct the judgment or sentence.
A motion to vacate a sentence which exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than two years after the judgment and sentence become final unless it alleges (1) the facts upon which the claim is predicated were unknown to the movant or his attorney and could not have been ascertained by the exercise of due diligence, or, (2) the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.
*908 Anyone adjudicated guilty prior to January 1, 1985, shall have until January 1, 1986, to file a motion in accordance with this rule.
A motion for such relief may be made at any time. The motion shall be under oath and include the following information:
(a) The judgment or sentence under attack and the court which rendered same;
(b) Whether there was an appeal from the judgment or sentence and the disposition thereof;
(c) Whether a previous' post-conviction motion has been filed, and if so, how many;
(d) If a previous motion or motions have been filed the reason or reasons why the claim or claims in the present motion were not raised in the former motion or motions.
(4) (e) The nature of the relief sought:
(e) (f) A brief statement of the facts (and other conditions) relied upon in support of the motion.
This rule does not authorize relief based upon grounds which could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence.
T-he-G&urt will refuse to receive any motion ■filed-pursuant-to- this rule -whiGh-is-not-in substantial compliance with the requirements hereof. Upon filing of a Rule 3.850 motion, the clerk shall forward the motion and file to the court.
If the motion and the files and records in the case conclusively show that the prisoner is entitled to no relief, the motion shall be denied without a hearing. In those instances when such denial is not predicated upon the legal insufficiency of the motion on its face, a copy of that portion of the files and records which conclusively shows that the prisoner is entitled to no relief shall be attached to the order. Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall order the State Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate. The answer shall respond to the allegations of the motion. In addition it shall state whether the movant has used any other available state remedies including any other post-conviction motion under this rule. The answer shall also state whether an evidentiary hearing was accorded the movant. If the motion has not been denied at a previous stage in the proceedings, the judge, after the answer is filed, shall determine whether an evidentiary hearing is required. If an evidentiary hearing is not required, the judge shall make appropriate disposition of the motion. If an evidentiary hearing is required, the court shall grant a prompt hearing thereon and the court shall cause notice thereof to be served upon the prosecuting attorney of the court state attorney, g-r-ant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant him a new trial or correct the sentence as may appear appropriate.
A court may entertain and determine such motion without requiring the production of the prisoner at the hearing. The sentencing court shall not-be-required to entertain a second or successive motion for similar relief on behalf of the same prisoner.
A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant or his attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.
An appeal may be taken to the appropriate appellate court from the order entered on *909 the motion as from a final judgment on application for writ of habeas corpus. All orders denying motions for post-conviction relief shall include a statement that the movant has the right to appeal within thirty days of the rendition of the order. The prisoner may file a motion for rehearing of any order denying a motion under this rule within fifteen days of the date of service of the order. The clerk of. the court shall promptly serve upon the prisoner a copy of any order denying a motion for post-conviction relief or denying a motion for rehearing noting thereon the date of service by an appropriate certificate of service.
An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this rule, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
1984 COMMITTEE NOTE:
The committee felt that provisions should be added to allow the court to consider why a subsequent motion was being filed and whether it was properly filed, similar to subrule 9(b) of Rule 35 of the Federal Rules of Criminal Procedure.
The committee also felt that the court should have the authority to order the state to respond to a 3.850 motion by answer or other pleading as the court may direct.
The committee felt that even though a motion filed under Rule 3.850 does not substantially comply with the requirements of the rule, the motion should still be filed and ruled on by the court. Hence the former provision authorizing the court to refuse to receive such a non-conforming motion has been removed and words allowing the presiding judge to summarily deny a non-complying motion have been satisfied.