521 So.2d 292 (1988)
William Gerald RICHARDS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1410.
District Court of Appeal of Florida, First District.
March 4, 1988.
William Gerald Richards, in pro. per.
No appearance for appellee.
MILLS, Judge.
William Gerald Richards appeals from the summary denial of his motion filed pursuant to Rule 3.850, Fla.R.Crim.P. We reverse.
According to Richards' motion, he was arrested on 15 December 1985 on several charges to which he later pled guilty. As a result of that plea, he was placed on community control on 7 April 1986. On 3 February 1987, he was arrested for violating the conditions of that community control and was thereafter sentenced on 14 May 1987. The sentence imposed by the *293 trial judge reflected credit for the jail time served by Richards from his February 1987 arrest to the May 1987 sentencing, but no credit was given for the time spent in jail after the initial arrest and incarceration in December 1985 until Richards' placement on community control on 7 April 1986. By the instant motion, Richards sought to correct his sentence by adding the omitted jail time, but the motion was denied without explanation.
Section 921.161(1), Florida Statutes (1985) provides that:
A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence.
Pursuant to this statute a criminal defendant being sentenced after violation of his probation, or in this case community control, is entitled to receive credit on that sentence for all prison or jail time served, including that which preceded his release on community control. Kirkman v. Wainwright, 465 So.2d 1262, 1263 (Fla. 5th DCA 1985) (emphasis supplied). Accord Crosby v. State, 487 So.2d 416, 418 (Fla. 2d DCA 1986); Chaitman v. State, 495 So.2d 1231, 1232 (Fla. 5th DCA 1986). Therefore, if the allegations of Richards' motion be taken as true, it appears that the trial court erred in refusing to credit him with the time spent incarcerated before he was released on community control in April 1986.
However, the circumstances of this case, including the crucial dates of Richards' original incarceration and his placement on community control, are nowhere reflected in the record or order denying the motion but appear only in the allegations of the motion itself. Because the trial court denied the motion without explanation in the face of the aforementioned statute and case law, it is entirely possible that there are circumstances other than or different from those related in Richards' motion and implicitly relied on by the trial court to deny that motion. However, the trial court failed, as required by Rule 3.850, to attach to its order those portions of the record that would conclusively show that Richards was entitled to no relief.
Based on the foregoing, the order of the trial court summarily denying Richards' motion is reversed. On remand, the trial court shall either award the additional jail time credit, if it appears from further perusal of the record that the allegations of Richards' motion are accurate, or enter a new order denying the motion and attaching those portions of the file and record which conclusively show that Richards is entitled to no relief.
WENTWORTH and BARFIELD, JJ., concur.