601 So.2d 281 (1992)
George ROUSE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-991.
District Court of Appeal of Florida, First District.
June 9, 1992.
*282 George Rouse, pro se.
Robert A. Butterworth, Atty. Gen., Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This case is before the court on appeal of the trial court's denial of appellant's motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). We affirm.
On June 17, 1987, appellant, George Rouse, was charged with six counts of burglary and one count of possession of burglary tools. On July 2, 1987, appellant was charged with two counts of burglary in another case. Pursuant to a plea bargain agreement, appellant pled nolo contendere to the nine charged offenses, and was sentenced to concurrent terms of incarceration on counts I and II in the first case and counts I and II in the second case. Appellant also received a term of probation for count III in the first case, to run consecutively to concurrent terms of probation for counts IV through VII in that case.
Following his release from incarceration, appellant was again charged with burglary on November 10, 1988. Appellant pled nolo contendere to this burglary charge with the understanding that he would receive a ten year sentence as an habitual felony offender, and with the further understanding that he would receive a five year sentence for violation of probation on count III of the prior case, to run consecutive to concurrent five year sentences for violation of probation on counts IV through VII. On direct appeal, this court per curiam affirmed appellant's judgments and sentences. Rouse v. State, 563 So.2d 637 (Fla. 1st DCA 1990).
On motion to correct an illegal sentence, appellant contends that the five year sentences imposed for violation of probation on count III and counts IV through VII exceed the one-cell maximum "bumpup" permissible under Lambert v. State, 545 So.2d 838 (Fla. 1989), and Ree v. State, 565 So.2d 1329 (Fla. 1990).[1] Thus, appellant contends, he could not consent to the "illegal" sentence imposed, relying on Williams v. State, 500 So.2d 501 (Fla. 1986), clarified in Quarterman v. State, 527 So.2d 1380 (Fla. 1988).
Appellant's claim may not be advanced via a Rule 3.800(a) motion. Rule 3.800(a) is reserved for a narrow class of cases in which the sentence imposed can be described as truly "illegal" as a matter of law, for example, where the sentence imposed exceeds the statutory maximum sentence for the crime charged. Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1992) (en banc). Such is not the present case. Moreover, were it necessary to reach the merits of appellant's claim, we would hold that the rule limiting the trial court to a one cell bump-up for a violation of probation does not apply where the sentence is imposed as the result of an otherwise valid plea bargain agreement.
AFFIRMED.
SHIVERS, MINER and WOLF, JJ., concur.
NOTES
[1] At the time of his initial plea bargain agreement, appellant's guidelines scoresheet placed him in the recommended range of 2 1/2 to 3 1/2 years.