635 So.2d 41 (1994)
Loring Spencer JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 93-781.
District Court of Appeal of Florida, First District.
January 14, 1994.
Appellant pro se.
Robert A. Butterworth, Atty. Gen., and James W. Rogers, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Loring Spencer Jones appeals an order denying his Motion for Correction of Illegal Sentence pursuant to Florida Rule of Criminal Procedure 3.800. The record shows that on May 30, 1989, after pleading nolo contendere to one count of sale of cocaine and one count of battery of a law enforcement officer in Case Nos. 89-62 and 89-104, Appellant was sentenced to serve 3 1/2 years incarceration, to be followed by 1 1/2 years probation, with credit for time served at that point of 143 days. Appellant alleged in a sworn motion that due to the accumulation of gain-time he was released from the incarcerative portion of his sentence and began serving the probationary portion before the entire 3 1/2 years elapsed. The record on appeal contains a document designated circuit court minutes, which appears to confirm that Appellant was released to begin serving his probation on December 4, 1991, before the entire 3 1/2 years had elapsed.
The record further shows that after his release, on April 24, 1992, Appellant was arrested and charged with violation of probation and other offenses. On October 8, 1992, Appellant entered into a plea agreement whereby he pled no contest to charges of burglary of a structure and escape as well as violation of probation in Case Nos. 89-62 and 89-104. The written plea agreement contained the following language:
In addition, the Defendant shall plead no contest to V.O.P.s in Case # 89-62 and 89-104. The State shall dismiss Case # 92-546 and # 92-675. The Defendant shall be sentenced to serve seven (7) years D.O.C. with no probation to follow in Case # 92-547. *42 Furthermore, any sentence imposed in Case # 89-62 and 89-104 shall run concurrent with the sentence imposed in Case # 92-547. Defendant shall receive credit for time served. Defendant shall admit his habitual offender status and acknowledge that the purpose of such status is intended to limit gain time but not to enhance sentence. (emphasis supplied)
Pursuant to this agreement, Appellant was sentenced to 5 years in Case No. 89-62, with credit for time served of 1109 days, to be served concurrent with Case Nos. 89-104 and 92-547. (The record does not contain the sentencing order in Case No. 89-104, however, it is apparent from other documents in the record, specifically the circuit court minutes for October 8, 1992, that Appellant was also sentenced to 5 years with credit for 1109 days in that case. In addition, the court, in denying the motion, found that Appellant was given credit for 1109 days in Case No. 89-104.) According to the plea agreement, he received a concurrent 7 year sentence in Case No. 92-547. The existence of this longer sentence does not conclude the matter of appropriate credit for the other concurrent sentences, see Smith v. State, 613 So.2d 603 (Fla. 5th DCA 1993).
Appellant filed his sworn Motion for Correction of Illegal Sentence, alleging, among other things, that upon sentencing for violation of probation in Case Nos. 89-62 and 89-104 pursuant to the above plea agreement, he did not receive appropriate credit for time served, in that the 1109 days awarded did not take into account the full 3 1/2 years, for which he is entitled to credit under State v. Green, 547 So.2d 925 (Fla. 1989). He also alleged he had not received credit in Case Nos. 89-62 and 89-104 for an additional 185 days presentence jail time which he served between his arrest on April 4, 1992 and his plea and sentence on October 8, 1992, and was entitled to pursuant to Daniels v. State, 491 So.2d 543 (Fla. 1986). The record indicates he received credit for these 185 days in Case No. 92-547 only. The circuit court summarily denied the motion, "finding that the Defendant was sentenced pursuant to the plea agreement he entered into and was given 1,109 days credit for time served in 89-62 and 89-104."
Upon our initial review of this case, we determined it appropriate to issue an order pursuant to Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986), requesting a response from the state. Among other things, the state asserts that Appellant improperly attempted to use Rule 3.800 to raise an issue cognizable only on direct appeal or by Rule 3.850 motion, in that the sentence was imposed pursuant to a plea agreement. However, several decisions of this court indicate this claim may be made in a Rule 3.800 motion.
In its response, the state cited Rouse v. State, 601 So.2d 281 (Fla. 1st DCA 1992), review denied, 604 So.2d 487 (Fla. 1992), in which this court, citing Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1991), review denied, 613 So.2d 5 (Fla. 1992), said: "Rule 3.800(a) is reserved for a narrow class of cases in which the sentence imposed can be described as truly `illegal' as a matter of law, for example, where the sentence imposed exceeds the statutory maximum sentence for the crime charged." The state also cited our opinion in Kelly v. State, 599 So.2d 727 (Fla. 1st DCA 1992), for the proposition that Rule 3.800 is not the appropriate mechanism to challenge the legality of a prima facie legal sentence imposed pursuant to a plea bargain.
In Kelly, this court determined, based on Gainer v. State, 590 So.2d 1001 (Fla. 1st DCA 1992) and Judge, that a sentence imposed pursuant to a plea based upon an incorrect scoresheet did not constitute an illegal sentence. In Judge, the court noted that "scoresheet errors that are not apparent from the face of the scoresheet may result in an erroneous sentence correctable on direct appeal, but not on a motion pursuant to rule 3.800(a)." 596 So.2d at 73. We are faced with a different situation in this case.
The written plea agreement states simply that Appellant "shall receive credit for time served." By case law, "[a] prisoner who is released early because of gain-time is considered to have completed his sentence in full," and is entitled to credit for time served accordingly, Green, 547 So.2d at 926. In Bolden v. State, 557 So.2d 630 (Fla. 1st DCA 1990), we addressed a claim based on Green in an appeal from denial of a 3.800 motion. *43 Similarly, "[t]he law is clear that a defendant is entitled to have his sentence reflect credit for any time served in jail prior to sentencing," and "when, pursuant to section 921.161(1), a defendant receives presentence jail-time credit on a sentence that is to run concurrently with other sentences, those sentences must also reflect the credit for time served." (Emphasis in original.) Daniels, 491 So.2d at 544-45. See also Moorer v. State, 556 So.2d 778 (Fla. 1st DCA 1990), in which this court stated "[a] sentence which does not allow for proper credit is an illegal sentence... . Under Rule 3.800, an illegal sentence may be corrected at any time."
Recently in Thomas v. State, 634 So.2d 175 (Fla. 1st DCA 1994) we followed the rationale articulated in Thomas v. State, 611 So.2d 600 (Fla. 2d DCA 1993) and Judge that a rule 3.800 motion "is designed to test issues that should not involve significant questions of fact or require a lengthy evidentiary hearing." We concluded a claim for presentence jail time credit was appropriately raised in a 3.800 motion "when the issue can be determined by the trial court through a review of its records." We also indicated our approval in that case of the requirement that the trial court attach portions of the record refuting allegations of a facially sufficient 3.800(a) motion.
Although the issues in this case involve credit for time served as required by Green and presentence jail time credit based on Daniels rather than credit for presentence jail time pursuant to statute as in Thomas, we know of no reason why the rationale set forth in Thomas would not apply equally in this situation. As the information set forth above shows, the dates of Appellant's incarceration and release can be ascertained from the court's own records without an extensive evidentiary hearing. The applicability of Green also can be determined from a review of the court's records to ascertain whether the offenses for which Appellant served the incarcerative portion of his sentence and was placed on probation were committed before September 1, 1990, the effective date of legislation countering the Green decision. See Jackson v. State, 619 So.2d 431 (Fla. 1st DCA 1993); Moultrie v. State, 618 So.2d 789 (Fla. 1st DCA 1993). After determining whether Green applies, it would be unnecessary to hold an extensive evidentiary hearing to determine the equivalent of 3 1/2 years in days. Finally, pursuant to Thomas, the matter of 185 days of presentence jail time credit which Appellant contends he is entitled to with regard to Case Nos. 89-62 and 89-104, is appropriate for consideration where the information can be ascertained from the court's records without the need for an extensive evidentiary hearing.
To summarize, the written plea agreement, whereby Appellant agreed to "credit for time served," and which the court relied on in summarily denying his motion, does not demonstrate conclusively that Appellant is not entitled to relief; there is no indication in the written plea agreement that Appellant agreed to forego any credit to which he was entitled. Also, it appears the information required to resolve the issues discussed here can be ascertained from a review of the court's records. Further, this court indicated approval of the attachment requirement in the context of 3.800 appeals in Thomas.
Therefore, we reverse summary denial of Appellant's Motion to Correct Illegal Sentence and remand for further proceedings consistent with this opinion. If on remand the trial court again determines denial is appropriate, the order should be supported by portions of the record which refute Appellant's claims of entitlement to credit for time served in accordance with Green and credit for presentence jail time in accordance with Daniels in Case Nos. 89-62 and 89-104.
BARFIELD and MINER, JJ., concur.