643 So.2d 1159 (1994)
George ROUSE, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3287.
District Court of Appeal of Florida, First District.
October 6, 1994.
George Rouse, appellant, pro se.
Robert A. Butterworth, Atty. Gen., and Richard Parker, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
Appellant, George Rouse, appeals an order denying his second motion to correct an illegal sentence, pursuant to Florida Rule of Criminal Procedure 3.800(a). In his motion, appellant alleged the trial court failed to award credit for previous prison time appellant served against the violation of probation sentences imposed for related offenses. We reverse and remand for further proceedings.
The record reflects that on June 17, 1987, a seven-count information was filed in circuit court case numbers 87-882 through 87-888, charging appellant with six counts of burglary of a structure and one count of possession of burglary tools. On July 2, 1987, an information was filed in circuit court case numbers 87-902 and 87-903, charging appellant *1160 with two counts of burglary of a structure. On August 6, 1987, appellant signed two separate Plea, Waiver and Consent forms, in which he pled nolo contendere to nine counts of burglary of a structure and one count of possession of burglary tools.
On September 15, 1987, appellant was sentenced to concurrent five-year sentences as to counts one and two in case number 87-882, and to concurrent sentences as to counts one and two in case number 87-902, with the sentences in the respective cases to run concurrently with each other. Appellant was placed on probation for count three in case number 87-882, the probation to be served consecutively to the five-year sentences, and was placed on probation for counts four through seven, this probation to be served consecutively to the count three probation.[1] Appellant was released from incarceration in 1988, and charged with another burglary. He pled nolo contendere to the 1988 charge, and the trial court imposed a ten-year habitual offender sentence in accordance with a plea agreement. Appellant's probation was revoked, and two five-year sentences were imposed, the sentences to run consecutively to the ten-year habitual offender sentence and to each other. The imposition of consecutive sentences resulted in a total sentence of twenty years. The sentencing documents indicate that appellant was allowed 271 days of credit for jail time served prior to imposition of the sentence.
Appellant's first motion to correct illegal sentence alleged the five-year sentences exceeded the permissible one-cell increase for a violation of probation. The trial court denied the motion. On appeal, another panel of this court held these claims could not be raised in a rule 3.800(a) motion. The court further observed that if it were necessary to reach the merits of appellant's claims, the court would hold that the rule limiting a trial court to a one-cell increase for a violation of probation does not apply where the sentence is imposed as the result of an otherwise valid plea agreement. Rouse, 601 So.2d at 282.
In September 1993, appellant filed the instant motion to correct an illegal sentence. In this motion, appellant relied on Tripp v. State, 622 So.2d 941 (Fla. 1993), to support his entitlement to credit for time served on the original five-year prison terms and all gain time earned in case numbers 87-882 and 87-902, to be applied to the five-year violation of probation sentences. The trial court did not rule upon the merits of these claims. Rather, denial of the motion was predicated on the court's finding that "the Defendant previously filed a Motion to Correct an Illegal Sentence which was denied by this Court and affirmed by the First District Court of Appeal by mandate dated June 25, 1992 in case 91-991."
Since the instant motion is predicated on different grounds, we conclude the trial court erred in failing to consider the merits of appellant's allegations. A sentence which does not allow for proper credit is an illegal sentence which can be corrected at any time, pursuant to rule 3.800(a). Jones v. State, 635 So.2d 41, 43 (Fla. 1st DCA 1994); Moorer v. State, 556 So.2d 778 (Fla. 1st DCA 1990). The fact that appellant entered into a plea agreement for a particular sentence does not preclude him from asserting entitlement to credit for previous prison time served on related offenses. See Jones; Bailey v. State, 634 So.2d 171 (Fla. 1st DCA), review dismissed, 637 So.2d 233 (Fla. 1994). The plea agreement made no mention of the application of prison and earned gain time to the violation of probation sentences.
Accordingly, we reverse the order denying appellant's rule 3.800(a) motion to correct sentence, and remand with directions to rule upon the merits of appellant's claims.
WOLF and BENTON, JJ., concur.
NOTES
[1] This information is gleaned from the opinion in Rouse v. State, 601 So.2d 281 (Fla. 1st DCA), review denied, 604 So.2d 487 (Fla. 1992). The 1987 probation documents have not been included in this record.