661 So.2d 134 (1995)
Mickey L. SAUNDERS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 95-1779, 95-2939.
District Court of Appeal of Florida, Fourth District.
October 11, 1995.
Mickey L. Saunders, Miami, pro se appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia Ann Ash, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, Judge.
In case number 95-1779, Mickey Saunders appeals the trial court's denial of his motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Of the thirty grounds raised by appellant, only one has merit and requires reversal for further consideration.
Saunders claims he was not given proper credit for time spent in the Dade County Jail, after being served with the arrest warrant and prior to being transferred to Broward County to face these charges. The trial court's attachments to its order denying appellant relief don't show on what date appellant was actually served with the capias. Further, the state's attempt to provide such documentation to this court by a supplemental record does not cure the defect. Foley v. State, 657 So.2d 929 (Fla. 4th DCA 1995).
Accordingly, we remand to the trial court for attachment of a record which shows appellant is not entitled to relief, or failing such proof, to award him the credit for jail time he seeks. Under this court's recent substituted opinion in Fountain v. State, 660 So.2d 376 (Fla. 4th DCA 1995), citing State v. Callaway, 658 So.2d 983 (Fla. 1995), a claim such as this does not require an evidentiary hearing.
This brings our attention to case number 95-2939. Here, Saunders appeals the non-final order denying his requests for appointment of counsel and to transport him from state prison to the Broward County Courthouse for any hearings on his motion. Since there will be no evidentiary hearing, and the issue must be resolved on documents to be considered and attached by the trial judge, no error is demonstrated. We affirm as to case number 95-2939.
GUNTHER, C.J., and DELL, J., concur.