671 So.2d 820 (1996)
Desi Arnez BARFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1096.
District Court of Appeal of Florida, First District.
April 8, 1996.
Appellant, pro se.
No appearance by the state.
WOLF, Judge.
This is a timely appeal of a denial of a rule 3.800(a) motion to correct an illegal sentence. Appellant raises one issue: Whether the trial court erred in summarily denying his motion in which he alleged that he was illegally denied credit against a 10-year sentence after he violated community control. We find that appellant's motion was improperly brought pursuant to rule 3.800, and therefore, affirm the trial court's denial of postconviction relief, but do so without prejudice to appellant to file a motion for postconviction relief pursuant to rule 3.850, Florida Rules of Criminal Procedure.
Rule 3.800 was the appropriate mechanism for raising appellant's challenge according to the law at the time at which he filed his motion. See Rouse v. State, 643 So.2d 1159 (Fla. 1st DCA 1994). Since appellant's filing of a 3.800 motion, however, the supreme court has clarified the distinctions between an "illegal sentence," properly remedied through a 3.800 motion, and an "unlawful sentence," properly corrected under rule 3.850. State v. Callaway, 658 So.2d 983, 987-88 (Fla.1995); Davis v. State, 661 So.2d 1193 (Fla.1995).
It is unclear from appellant's 3.800 motion whether the denial of credit against his sentence resulted in a "illegal sentence" as defined under Davis, supra, one that does "exceed the maximum period set forth by law for a particular offense without regard to the guidelines." Davis, 661 So.2d at 1196; also see Schroeder v. State, No. 95-3726, ___ So.2d ___ (Fla. 1st DCA March 27, 1996). *821 We, therefore, affirm the trial court's denial of appellant's 3.800 motion.
If appellant had the benefit of Davis, however, he may have been able to state a preliminary basis for relief pursuant to rule 3.850. Appellant's rule 3.800 motion was filed within the two-year time limit enumerated in rule 3.850(b). We, therefore, affirm without prejudice. Appellant has 60 days to file a 3.850 motion that complies with that rule of criminal procedure. If the trial court finds that appellant's claim for relief is without merit, it should attach portions of the record refuting appellant's allegations.
MICKLE, J., concurs.
BENTON, J., concurring in result only.