PER CURIAM.
The appellant challenges an order by which his motion to correct for jail credit, pursuant to Florida Rule of Criminal Procedure 3.800(a), was denied. Appellant claimed that upon violation of probation, and resen-tencing to 29.6 months of incarceration, he was not awarded 39 additional days of jail credit to which he is entitled for the time served in jail from his original arrest on August 28, 1994, until his release on October 5, 1994. Appellant’s claim, as raised, is not cognizable pursuant to rule 3.800, and therefore, we affirm the trial court’s denial of postconvietion relief. We do so without prejudice to appellant filing a motion for postcon-viction relief pursuant to rule 3.850, Florida Rules of Criminal Procedure.
The supreme court has clarified the distinctions between an “illegal sentence,” properly remedied through a 3.800 motion, and an “unlawful sentence,” properly corrected under rule 3.850, and limited “illegal sentence” claims cognizable under 3.800(a), to claims that a sentence is beyond the statutory maximum. King v. State, 681 So.2d 1136 (Fla. 1996); see Davis v. State, 661 So.2d 1193 (Fla.1995) and State v. Callaway, 658 So.2d 983 (Fla.1995). It is clear that appellant’s sentence of 29.6 months, even without credit he claims, is not beyond the statutory maximum for a third degree felony, and therefore denial of the credit did not result in a “illegal sentence” as defined under King, supra. See Berry v. State, 684 So.2d 239 (Fla. 1st DCA 1996) (prisoner not alleging denial of credit caused him to be sentenced to period in excess of statutory maximum, is not entitled to relief under rule 3.800). We, therefore, affirm the trial court’s denial of appellant’s 3.800 motion.
The trial court predicated its denial on the mistaken belief that it had previously ruled on the same claim in a prior order. The prior order attached to the order on appeal, however, appears to address a jail credit claim for a different period of time than was addressed in appellant’s rule 3.800 motion. Further, the record on appeal is silent as to whether appellant would be entitled to jail credit in the instant claim, and his motion was filed within the two-year time limit enumerated in rule 3.850(b). We, therefore, af *394 firm without prejudice to appellant timely filing a motion under rule 3.850.
BOOTH, WOLF and VAN NORTWICK, JJ., concur.