699 So.2d 845 (1997)
Mark WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2596.
District Court of Appeal of Florida, Fourth District.
October 1, 1997.
Mark Williams, Indiantown, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Denise S. Calegan, Assistant Attorney General, West Palm Beach, for Appellee.
PER CURIAM.
We reverse and remand the trial court's summary denial, without any record attachments, of Appellant's motion for postconviction relief seeking jail time credit for time served in the Palm Beach County drug farm, filed pursuant to both rule 3.800(a) and rule 3.850, Florida Rules of Criminal Procedure. While a motion for jail time credit is no longer cognizable under rule 3.800(a) unless the denial makes the sentence illegal in that it exceeds the maximum allowed by law, see Sullivan v. State, 674 So.2d 214 (Fla. 4th DCA 1996), such a claim is still cognizable under rule 3.850, see id. at 215 n. 1; Barfield v. State, 671 So.2d 820, 821 (Fla. 1st DCA 1996).
Accordingly, the order denying relief is reversed and remanded to the trial court for an evidentiary hearing or attachment of portions of the record conclusively showing that Appellant is entitled to no relief. In so doing, however, this court makes no determination as to whether a prisoner is entitled to jail time credit for time served in the drug farm. See Robinson v. State, 689 So.2d 1147, 1149 n. 1 (Fla. 4th DCA 1997); Whitehead v. State, 677 So.2d 40 (Fla. 4th DCA 1996).
GUNTHER, STEVENSON and SHAHOOD, JJ., concur.