PER CURIAM.
Derrick Farrior appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We have consistently held that rule 3.800 is a proper vehicle for raising a credit time issue where jail credit may be determined from the trial court’s records. See Swyck v. State, 693 So.2d 618 (Fla. 2d DCA), rev. granted, No. 90,358, 699 So.2d 1376 (Fla. Sept. 5, 1997). Farrior argues that he deserves jail credit from the time the capias was served for his violation of probation in this case. We agree.
Farrior contends he was served with a capias for this charge on July 10, 1995, and *568 remained .in custody until Ms sentencing on January 25,1996. The trial court denied the motion relying on a computer printout from the jail which reflects credit for time spent in jail on this case from November 7, 1995, to the date of his sentencing. Because Farri- or’s claim is facially sufficient and the trial court did not attach to its order any documents refuting the claim, we reverse and remand for further proceedings. See Becton v. State, 668 So.2d 1107 (Fla. 2d DCA 1996); Saunders v. State, 661 So.2d 134 (Fla. 4th DCA 1995).
Reversed and remanded.
SCHOONOVER, A.C.J., and THREADGILL and FULMER, JJ., concur.