709 So.2d 144 (1998)
Stuart Michael VANDERBLOMEN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2557.
District Court of Appeal of Florida, First District.
March 24, 1998.
Stuart Michael Vanderblomen, pro se.
No appearance for the State.
*145 PER CURIAM.
Vanderblomen challenges the summary denial of his sworn motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.800(a), in which he claimed that his sentences were illegal because he only received credit for presentencing county jail time served on one of his four concurrent sentences. We conclude that Vanderblomen's jail credit claim should not have been raised in a 3.800(a) motion and therefore affirm the trial court's denial of relief under that rule; however, we remand for reconsideration of Vanderblomen's motion as a motion filed pursuant to Florida Rule of Criminal Procedure 3.850 because his motion was sworn and filed within two years of the finality of his conviction and sentence. Because there is currently some confusion among the several district courts of appeal on the appropriate postconviction vehicle for raising claims for additional jail or prison credit, we also certify two questions regarding whether such claims should be raised in motions filed pursuant to Florida Rule of Criminal Procedure 3.800(a) or 3.850.
In January 1996, Vanderblomen had been sentenced on four second degree felonies to four concurrent terms of four years' imprisonment. He alleged in his 3.800(a) motion, and the record reflects, that the trial court only credited one of his four concurrent sentences with 163 days of presentencing county jail time served on these counts. The trial court denied Vanderblomen's postconviction claim for additional presentencing county jail time credit against his three uncredited sentences.
In Daniels v. State, 491 So.2d 543, 545 (Fla.1986), the Florida Supreme Court held that a defendant must be given credit against each of several concurrent sentences for all presentencing county jail time served on those counts. See also Franklin v. State, 515 So.2d 400, 401 (Fla. 1st DCA 1987). Thus, it appears that Vanderblomen may be entitled to the claimed credit.

History of Jail/Prison Credit Claims Under Rule 3.800(a)
Since 1961, a trial court has clearly had the authority to "at any time correct an illegal sentence imposed by it in a criminal case." § 921.24, Fla. Stat. (1961)(subsequently repealed); In Re Florida Rules of Criminal Procedure, 196 So.2d 124, 171 (Fla.1967)(adopting precursor to current Florida Rule of Criminal Procedure 3.800(a)). Florida Rule of Criminal Procedure 3.800(a) currently embodies this principle in the provision that states that "[a] court may at any time correct an illegal sentence imposed by it."
It once was well-established that postconviction claims for additional presentencing jail or prison credit could be raised in motions filed pursuant to rule 3.800(a) if the claim could be resolved without an evidentiary hearing through a review of the trial court's records. See, e.g., Jones v. State, 635 So.2d 41, 42-43 (Fla. 1st DCA 1994); Carver v. State, 653 So.2d 510 (Fla. 4th DCA 1995); Stevens v. State, 651 So.2d 1298, 1299-1300 (Fla. 5th DCA 1995); Rouse v. State, 643 So.2d 1159, 1160 (Fla. 1st DCA 1994); Handford v. State, 637 So.2d 958 (Fla. 2d DCA 1994); Thomas v. State, 634 So.2d 175, 177 (Fla. 1st DCA 1994); Thomas v. State, 611 So.2d 600, 601 (Fla. 2d DCA 1993). While recognizing, as Judge Altenbernd had pointed out in his en banc opinion in Judge v. State, 596 So.2d 73, 77 (Fla. 2d DCA)(en banc), review denied, 613 So.2d 5 (Fla.1992), that "[r]ule 3.800(a) is reserved for a narrow class of cases in which the sentence imposed can be described as truly `illegal' as a matter of law, for example, where the sentence imposed exceeds the statutory maximum sentence for the crime charged," Nowlin v. State, 639 So.2d 1050, 1052 (Fla. 1st DCA 1994); Rouse v. State, 601 So.2d 281, 282 (Fla. 1st DCA), review denied, 604 So.2d 487 (Fla.1992), this court nevertheless took the position that claims for additional presentencing jail or prison credit were exempt from this analysis and specifically held that "a sentence which does not allow for proper credit is an illegal sentence" as defined by the rule. See Jones, 635 So.2d at 42; Rouse, 643 So.2d at 1160; Moorer v. State, 556 So.2d 778, 779 (Fla. 1st DCA 1990); see also Sanders v. State, 579 So.2d 326, 326 (Fla. 5th DCA 1991)(noting that "a claim by a defendant that he did not receive all of his jail time credit attacks the sentence as being illegal *146 and ... can be raised at any time"); Martin v. State, 525 So.2d 901, 902 (Fla. 5th DCA 1987)(opinion on rehearing)(reading the Florida Supreme Court's opinion in Daniels to mean that "a sentence is illegal if it fails to allow a defendant credit on all concurrent sentences for all of the time spent in the county jail before sentencing").[1] Until July 1995, this remained the state of the law on postconviction claims for additional presentencing jail or prison credit raised in 3.800(a) motions.

History of Jail/Prison Credit Claims Under 3.850
From its inception in 1963, Florida Rule of Criminal Procedure 3.850 also provided a mechanism whereby defendants could collaterally attack sentences "in excess of the maximum authorized by law." See In Re Criminal Procedure Rule No. 1, 151 So.2d 634, 634 (Fla.1963)(adopting precursor to Florida Rule of Criminal Procedure 3.850). At the time the rule was promulgated by the Florida Supreme Court, it specifically provided that all motions filed pursuant to the rule "may be made at any time." Id.
It soon became well-established that postconviction claims for additional presentencing jail or prison credit also could be raised in motions filed pursuant to rule 3.850. See, e.g., Roesch v. State, 446 So.2d 269 (Fla. 2d DCA 1984); Woullard v. State, 420 So.2d 917 (Fla. 1st DCA 1982); Mendenhall v. State, 419 So.2d 1174 (Fla. 2d DCA 1982); Wargo v. State, 393 So.2d 3 (Fla. 1st DCA 1980); Cooper v. State, 379 So.2d 199 (Fla. 5th DCA 1980); Wright v. State, 355 So.2d 870 (Fla. 2d DCA 1978); Giles v. State, 350 So.2d 35 (Fla. 1st DCA 1977). In fact, at one point this court had to clarify that while such jail or prison credit claims were authorized in motions filed pursuant to rule 3.850, they could nevertheless still be raised on direct appeal. See Polk v. State, 418 So.2d 388, 389 (Fla. 1st DCA 1982).
In November 1984, a two-year limitations period was added to rule 3.850, running from the date of finality of a criminal judgment and sentence. See The Florida Bar Re: Amendment to Rules of Criminal Procedure (Rule 3.850), 460 So.2d 907, 907 (Fla.1984). Certain limited exceptions to this new two-year rule, however, also were added to the rule. See id. Among those limited exceptions was the provision that "[a] motion to vacate a sentence which exceeds the limits provided by law may be filed at any time." See id.; see also Fla. R.Crim. P. 3.850(b)(1997).
At the same time, the Court also added another provision to rule 3.850 which had the effect of curtailing the breadth of claims that could be raised in motions filed pursuant to the rule; this other new provision specifically stated that the rule "does not authorize relief based upon grounds which could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence." See Amendment to Rule 3.850, 460 So.2d at 908; see also Fla. R.Crim. P. 3.850(c)(1997). At the time this language was added to the rule, the Florida Supreme Court had recently held that sentencing errors, apparent from the face of the record, could be raised on direct appeal in the absence of a contemporaneous objection. See State v. Rhoden, 448 So.2d 1013, 1016 (Fla.1984).[2]
Despite the new procedural bar for claims which could or should have been raised at trial or on direct appeal, the courts of this state continued to issue opinions reaching the merits of postconviction claims for additional presentencing jail or prison credit raised in *147 3.850 motions without specifically discussing, particularly in light of Rhoden, whether the alleged denials of credit could have been raised on direct appeal. See, e.g., Wright v. State, 589 So.2d 382 (Fla. 4th DCA 1991); Griffin v. State, 573 So.2d 979 (Fla. 5th DCA 1991); Richards v. State, 521 So.2d 292 (Fla. 1st DCA 1988); Kelly v. State, 515 So.2d 308 (Fla. 3d DCA 1987); Wilson v. State, 514 So.2d 1156 (Fla. 2d DCA 1987).[3] Consistent with then existing 3.800(a) case law, this court reasoned at the time that claims for additional presentencing jail or prison credit could not be procedurally barred if raised in 3.850 motions because the denial of the claimed credit resulted in an "illegal sentence" which could be corrected at any time. See Morgan v. State, 557 So.2d 605, 606 (Fla. 1st DCA 1990); Moorer v. State, 556 So.2d 778, 779 (Fla. 1st DCA 1990).

Postconviction Jail/Prison Credit Claims After July 1995
In July 1995, the Florida Supreme Court issued two opinions on the same day which greatly impacted this substantial body of case law on postconviction claims for additional jail or prison credit. See Davis v. State, 661 So.2d 1193 (Fla.1995); State v. Callaway, 658 So.2d 983 (Fla.1995). In Davis, the defendant had sought postconviction relief in a motion filed pursuant to both Florida Rule of Criminal Procedure 3.800(a) and 3.850 claiming that the trial court had erroneously imposed a departure sentence without filing the requisite contemporaneous written reasons supporting departure. See Davis, 661 So.2d at 1194-95. The Court held that the claim raised by the defendant was not cognizable in a 3.800(a) motion because a departure sentence without written reasons, but within the maximum period provided by law for the offense, did not amount to an "illegal" sentence as defined by the rule. See id. at 1196. The Court stated that "an illegal sentence is one that exceeds the maximum period set forth by law for a particular offense." Id. (emphasis added). In Callaway, the defendant, whose direct appeal had been final before the decision in Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, 513 U.S. 909, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994), had sought postconviction relief in a 3.800(a) motion claiming that the trial court in his case had violated the rule announced in Hale by imposing consecutive habitual offender sentences for offenses that arose out of the same criminal episode. See Callaway, 658 So.2d at 985. The Court, noting Judge Altenbernd's discussion in Judge of the difference between "erroneous," "unlawful," and "illegal" sentences, reiterated its holding in Davis that "an illegal sentence is one that exceeds the maximum period set forth by law for a particular offense without regard to the guidelines." Id. at 988. The Court in Callaway did not specifically hold that the defendant's sentences were not "illegal," but concluded instead that the necessity of an evidentiary hearing to resolve the factual issues presented by the claim precluded it from being raised in a 3.800(a) motion. See id. The Court held, however, that the decision in Hale would be retroactively applicable and established a two-year window from the decision in Hale for defendants, like Callaway, who had been sentenced before the decision in Hale to seek Hale relief in motions filed pursuant to rule 3.850. See id. at 986-87.
Immediately following the decisions in Davis and Callaway, this court and the Second, Third, and Fifth District Courts of Appeal continued to reach the merits of 3.800(a) claims for additional presentencing jail or prison credit without specifically discussing whether the alleged denials of credit had resulted in sentences beyond the "maximum period set forth by law for a particular offense." See, e.g., Tucker v. State, 679 So.2d 1261 (Fla. 2d DCA 1996); Gonzalez v. State, 678 So.2d 433 (Fla. 3d DCA 1996); Wiggins v. State, 670 So.2d 160 (Fla. 1st DCA 1996); Worthington v. State, 667 So.2d 1023 (Fla. 5th DCA 1996); Slone v. State, 659 So.2d *148 1208 (Fla. 2d DCA 1995); Fulton v. State, 659 So.2d 491 (Fla. 5th DCA 1995).
Gradually, the impact of Davis and Callaway on 3.800(a) jail or prison credit claims began to be analyzed. At first, the Fourth District Court of Appeal while continuing to recognize that all jail or prison credit claims could still be raised in 3.800(a) motions, nonetheless held that the decision in Callaway necessarily limited such claims only to those that could be determined without an evidentiary hearing. See Fountain v. State, 660 So.2d 376, 377-78 (Fla. 4th DCA 1995); see also Sullo v. State, 663 So.2d 11 (Fla. 4th DCA 1995); Saunders v. State, 661 So.2d 134 (Fla. 4th DCA 1995). That court later held that the decision in Davis necessarily meant that a claim for additional presentencing jail or prison credit could not be raised in a 3.800(a) motion unless the denial of the claimed credit had resulted in a sentence that exceeded the maximum allowed by law for a particular offense. See Sullivan v. State, 674 So.2d 214, 214-15 (Fla. 4th DCA 1996); see also Mitchell v. State, 696 So.2d 957 (Fla. 4th DCA 1997); Ford v. State, 680 So.2d 1048, 1049 (Fla. 4th DCA 1996). The court in Sullivan acknowledged that both it and other courts had continued considering jail or prison credit claims raised in 3.800(a) motions since Davis, but nevertheless affirmed the denial of the defendant's 3.800(a) motion without reaching the merits of the claim. See Sullivan, supra at 215. The Fifth District Court of Appeal, citing Davis, Callaway and Sullivan, then also held that a claim for additional presentencing jail or prison credit could not be raised in a 3.800(a) motion unless the denial of the claimed credit had resulted in a sentence that exceeded the statutory maximum for a particular offense. See Chaney v. State, 678 So.2d 880, 881 (Fla. 5th DCA 1996); see also Ramos v. State, 697 So.2d 231, 231 (Fla. 5th DCA 1997); Brown v. State, 689 So.2d 1280 (Fla. 5th DCA 1997). This interpretation of the "maximum allowed by law" language in Davis and Callaway ultimately proved to be correct when the Court explained in King v. State, 681 So.2d 1136, 1140 (Fla.1996), that when it had used the words "maximum allowed by law" in Davis it had meant "statutory maximum."[4]
After King, conflict arose among the districts on this issue of whether all claims for additional presentencing jail or prison credit still could be raised in 3.800(a) motions. While this court adopted the approach taken by the Fourth and Fifth District Courts of Appeal, see, e.g., Edwards v. State, 700 So.2d 444 (Fla. 1st DCA 1997); Barfield v. State, 671 So.2d 820 (Fla. 1st DCA 1996); Gibbs v. State, 685 So.2d 88 (Fla. 1st DCA 1996), review dismissed, 692 So.2d 185 (Fla.1997); Berry v. State, 684 So.2d 239, 240 (Fla. 1st DCA 1996), the Second District Court of Appeal specifically held that a claim for additional presentencing jail or prison credit still could be raised in a 3.800(a) motion even if the denial of the claimed credit had not resulted in a sentence that exceeded the statutory maximum for the particular offense, and acknowledged conflict on this point with this court, and the fourth and fifth districts. See Swyck v. State, 693 So.2d 618, 619 (Fla. 2d DCA), review granted, 699 So.2d 1376 (Fla. 1997); see also Mizzell v. State, 702 So.2d 606, 606 n. 1 (Fla. 2d DCA 1997)(noting conflict with this court, and the fourth and fifth districts on this issue); Farrior v. State, 702 So.2d 567, 567 (Fla. 2d DCA 1997)(citing Swyck and reaffirming that "[w]e have consistently held that rule 3.800 is a proper vehicle for raising a credit time issue where jail credit may be determined from the trial court's records"). The Third District Court of Appeal, while not expressly addressing the issue, continued to hold that the failure to award the appropriate amount of presentencing jail or prison credit made the resulting sentence "illegal" and that such an error could, therefore, "be corrected at any time" by motion filed pursuant to rule 3.800(a). See Knox v. State, 692 So.2d 296, 297 (Fla. 3d DCA 1997).
As previously noted, this court had reasoned before King, Callaway, and Davis, that claims for additional presentencing jail *149 or prison credit could not be procedurally barred if raised in 3.850 motions because, it was believed, the denial of the claimed credit resulted in an "illegal sentence" which could be corrected at any time. See Morgan, 557 So.2d at 606; Moorer, 556 So.2d at 779. While the decisions in King, Callaway, and Davis clearly undercut this reasoning, those district courts of appeal, including this one, which have recognized that such claims can no longer be raised in 3.800(a) motions also have explicitly recognized that such claims can still be raised in 3.850 motions. See, e.g., Brown v. State, 700 So.2d 393, 393-94 (Fla. 1st DCA 1997); Williams v. State, 699 So.2d 845 (Fla. 4th DCA 1997); Willey v. State, 699 So.2d 818 (Fla. 1st DCA 1997); Ramos, 697 So.2d at 232; Butler v. State, 695 So.2d 857, 858 (Fla. 4th DCA 1997); Hires v. State, 688 So.2d 414, 415 (Fla. 1st DCA 1997); Barfield, 671 So.2d at 821. In fact, the Florida Supreme Court has also apparently taken the position that sentencing errors which do not result in an illegal sentence, while not cognizable in 3.800(a) motions, can still be raised in 3.850 motions. See State v. Mancino, 705 So.2d 1379 (Fla.1998)(holding that "rule 3.850 rather than rule 3.800(a) was the proper procedural vehicle" for challenging an alleged erroneous imposition of a three-year firearm minimum mandatory).[5]

Application of New Jurisprudence to Facts of this Case
Consistent with our recent opinions in Edwards, Barfield, Gibbs, and Berry, we hold that Vanderblomen's claim for additional presentencing jail credit should not have been raised in a 3.800(a) motion because the denial of the claimed credit in no way made his sentences exceed the fifteen-year statutory maximums for his particular offenses. We hereby certify conflict with the second district's decision in Swyck, and its progeny, and certify the following question to the Florida Supreme Court as one of great public importance:
DOES THE DEFINITION OF AN "ILLEGAL" SENTENCE SET FORTH IN KING V. STATE, 681 So.2d 1136 (Fla. 1996), DAVIS V. STATE, 661 So.2d 1193 (Fla.1995), AND STATE V. CALLAWAY, 658 So.2d 983 (Fla.1995), PRECLUDE CLAIMS FOR ADDITIONAL PRESENTENCING JAIL OR PRISON CREDIT FROM BEING RAISED IN 3.800(a) MOTIONS UNLESS THE DENIAL OF THE CLAIMED CREDIT RESULTS IN A SENTENCE BEYOND THE STATUTORY MAXIMUM FOR THE PARTICULAR OFFENSE?
Our inquiry does not, however, end there. Because Vanderblomen's motion was sworn and filed within two years of the finality of his convictions and sentences, we feel compelled to address whether the trial court should have treated the motion as if it had been filed pursuant to Florida Rule of Criminal Procedure 3.850 and reached the merits of the claim. See Hall v. State, 643 So.2d 635, 636 (Fla. 1st DCA 1994)("The courts have the authority to treat prisoner petitions as if the proper remedy were sought if it would be in the interest of justice to do so."). Consistent with the views expressed in those post-King/Callaway/Davis cases that have reached the issue, we hold that the trial court erred in failing to treat Vanderblomen's sworn motion filed within two years of the finality of his convictions and sentences as a motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We, therefore, reverse and remand for consideration of Vanderblomen's motion pursuant to that rule. Because we feel that the law on this point is not entirely clear, however, we certify the following question to the Florida Supreme Court as one of great public importance:
DOES THE DEFINITION OF AN "ILLEGAL" SENTENCE SET FORTH IN KING V. STATE, 681 So.2d 1136 (Fla. 1996), DAVIS V. STATE, 661 So.2d 1193 (Fla.1995), AND STATE V. CALLAWAY, 658 So.2d 983 (Fla.1995), PRECLUDE CLAIMS FOR ADDITIONAL PRESENTENCING JAIL OR PRISON CREDIT FROM BEING RAISED IN 3.850 MOTIONS, WHEN THE DENIAL OF THE *150 CLAIMED CREDIT HAS NOT RESULTED IN A SENTENCE BEYOND THE STATUTORY MAXIMUM FOR A PARTICULAR OFFENSE, BECAUSE SUCH CLAIMS COULD OR SHOULD HAVE BEEN RAISED ON DIRECT APPEAL?
Affirmed in part, reversed in part, and remanded with directions.
JOANOS, MINER and WEBSTER, JJ., concur.
NOTES
[1] We note that even Judge Altenbernd, in a partial concurrence in Brown v. State, 633 So.2d 112, 116 n. 2 (Fla. 2d DCA 1994)(Altenbernd, J., concurring in part and dissenting in part), seemed to agree that jail credit errors, "determinable from records readily available to the court," could be raised in motions filed pursuant to rule 3.800(a) since such errors "result[ed] in illegal sentences."
[2] We note that the Court has since changed the rule in Rhoden in promulgating new Florida Rule of Criminal Procedure 3.800(b). See Amendments to Florida Rule of Appellate Procedure 9.020(g) and Florida Rule of Criminal Procedure 3.800, 675 So.2d 1374, 1375 (Fla.1996); see also Johnson v. State, 697 So.2d 1245, 1245 (Fla. 1st DCA), review denied, 703 So.2d 476 (Fla.1997); Williams v. State, 697 So.2d 164, 164 (Fla. 1st DCA), review denied, 700 So.2d 689 (Fla.1997); Neal v. State, 688 So.2d 392, 395 (Fla. 1st DCA), review denied, 698 So.2d 543 (Fla.1997).
[3] Even had Rhoden not dispensed with the necessity of a contemporaneous objection to preserve a sentencing issue for direct appeal, the procedural bar in rule 3.850 for claims which could or should have been raised on direct appeal arguably still could have barred jail or prison credit claims because the bar applies to issues which were not preserved for appeal, but which could have been raised at trial or sentencing. See Williamson v. Dugger, 651 So.2d 84 (Fla.1994), cert. denied, 516 U.S. 850, 116 S.Ct. 146, 133 L.Ed.2d 91 (1995).
[4] We note that the Court in Hopping v. State, 708 So.2d 263, 264 (Fla.1998), also recently held that "where it can be determined without an evidentiary hearing that a sentence has been unconstitutionally enhanced in violation of the double jeopardy clause, the sentence is illegal" and therefore can be remedied at any time by motion filed pursuant rule 3.800(a).
[5] We note that the Court in Davis appeared to take a different view than that expressed in Mancino when it held that Davis' departure sentence without written reasons claim could not have been raised in his motion, alternatively brought pursuant to rule 3.850, since it could or should have been raised on direct appeal. See Davis, supra at 1196-97.