723 So.2d 911 (1999)
David A. CROCKETT, Appellant,
v.
Harry K. SINGLETARY, Jr., Appellee.
No. 97-4683.
District Court of Appeal of Florida, First District.
January 8, 1999.
Appellant David A. Crockett, Bushnell, pro se.
Judy Bone, Assistant Attorney General, Department of Corrections, Tallahassee, for Appellee.
PER CURIAM.
In denying appellant's petition for writ of habeas corpus on grounds relief from an illegal sentence must be sought in the sentencing court, the learned trial judge concluded:
C. A review of the sentencing documents and of the pleadings indicates that *912 the reason for Petitioner's continued incarceration is that Petitioner was not given credit for the time he had served in state prison on the first prison term imposed along with his probation order, in apparent violation of the requirements of Tripp v. State, 622 So.2d 941 (Fla.1993).
D. The error of which the Petitioner complains relates to credit for presentence prison time, rather [than to] credit for time served after sentencing, and thus appears to affect the legality of the sentence itself. See Department of Corrections v. Mattress, 686 So.2d 740 (Fla.App. 5th D.C.A. 1997); Rouse v. State, 643 So.2d 1159 (Fla. App. 1st D.C.A.1994); Jones v. State, 635 So.2d 41 (Fla.App. 1st D.C.A.1994). Errors affecting the legality of the sentence are appropriately heard only by the sentencing Court under Rule 3.800, Florida Rules of Criminal Procedure.
The trial judge was correct in his conclusion that only the sentencing court may hear the particular error complained of.
AFFIRMED.
KAHN, BENTON and VAN NORTWICK, JJ., CONCUR.