566 So.2d 526 (1990)
Lewey V. LEE, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2869.
District Court of Appeal of Florida, Fourth District.
July 11, 1990.
On Motion for Clarification September 12, 1990.
Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John M. Koenig, Jr., Asst. Atty. Gen., West Palm Beach, for appellee.
*527 PER CURIAM.
This is an appeal of the trial court's denial of appellant's rule 3.800 motion to correct his sentence.
We reverse on the authority of State v. Green, 547 So.2d 925 (Fla. 1989), and remand with directions to grant appellant full credit for the eighteen months period of incarceration he previously served, in addition to time served awaiting disposition of his violation of probation.
REVERSED AND REMANDED WITH DIRECTIONS.
HERSEY, C.J., and ANSTEAD and GARRETT, JJ., concur.

ON MOTION FOR CLARIFICATION
PER CURIAM.
We treat the State's Motion of Rehearing/Suggestion of Mootness as a motion for clarification. We grant the motion and clarify our opinion of July 11, 1990 as follows:
Although appellant is now out of jail, he is still entitled to have the court records accurately reflect the total time he served in jail. The trial court should credit appellant with the time he served for the original offense and the time he served awaiting the disposition of his violation of probation. Appellant need not be present when the trial court carries out our directions.
HERSEY, C.J., and ANSTEAD and GARRETT, JJ., concur.