660 So.2d 376 (1995)
James E. FOUNTAIN, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1219.
District Court of Appeal of Florida, Fourth District.
September 13, 1995.
*377 James Fountain, Immokalee, pro se appellant.
Robert A. Butterworth, Attorney General, Tallahassee and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, Judge.
We withdraw our opinion filed July 19, 1995 and substitute the following opinion in its place.
Appellant filed a rule 3.800 motion alleging that because he was already in custody when he was charged in this case, he is entitled to jail credit from the date he was served with the capias on the new charges. Rule 3.800 is a proper vehicle for seeking jail credit, Lee v. State, 566 So.2d 526 (Fla. 4th DCA 1990); Thomas v. State, 611 So.2d 600 (Fla. 2d DCA 1993), and under Carver v. State, 653 So.2d 510 (Fla. 4th DCA 1995), appellant is entitled to credit from the date he was served with the capias on the new charges.
The trial court summarily denied appellant's motion, however, the portions of the record which the court attached do not conclusively refute appellant's claim. Specifically, the copy of the capias does not show the date on which it was served. In our withdrawn opinion, we remanded for further proceedings including the possibility of an evidentiary hearing; however, the unsettled question of whether there can be an evidentiary hearing on a rule 3.800 motion has since been answered in the negative in State v. Callaway, 658 So.2d 983 (Fla. 1995).
Callaway adopted, for the most part, Judge Altenbernd's explanation of the difference between rule 3.800 and 3.850 in Judge v. State, 596 So.2d 73, 76-77 (Fla. 2d DCA 1991):
It would be difficult, if not impossible, to succinctly state the precise distinctions between: 1) a sentencing error that may be corrected on direct appeal, 2) a sentence imposed "in violation of" law that may be corrected under rule 3.850, and 3) an "illegal sentence" that must be corrected at any time under rule 3.800(a). Even though lawyers and judges sometimes loosely refer to all three categories as "illegal" sentences, it is clear that the three categories are not identical. Some errors that can be addressed on direct appeal cannot be raised in postconviction motions. Some errors that can be corrected under rule 3.850 cannot be corrected under rule 3.800(a). Rule 3.800(a) is reserved for the narrow category of cases in which the sentence can be described as truly "illegal" as a matter of law.
* * * * * *
Rule 3.800(a) is intended to provide relief for a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law. It is concerned primarily with whether the terms and conditions of the punishment for a particular offense are permissible as a matter of law. It is not a vehicle designed to re-examine whether the procedure employed to impose the punishment comported with statutory *378 law and due process. Unlike a motion pursuant to rule 3.850, the motion can be filed without an oath because, it is designed to test issues that should not involve significant questions of fact or require a lengthy evidentiary hearing. (Footnote omitted) (Emphasis added).
Callaway, however, went one step further than Judge, and held that rule 3.800 is limited to sentencing issues which can be resolved without an evidentiary hearing:
In Judge v. State, 596 So.2d 73 (Fla. 2d DCA 1991) review denied, 613 So.2d 5 (Fla. 1992), the court recognized that there are three different types of sentencing errors: (1) an "erroneous sentence," which is correctable on direct appeal; (2) an "unlawful sentence," which is correctable only after an evidentiary hearing under rule 3.850; and (3) an "illegal sentence" in which the error must be corrected as a matter of law in a rule 3.800 proceeding. Id. [596 So.2d] at 76, 77 & n. 1. We recently explained that an illegal sentence is one that exceeds the maximum period set forth by law for a particular offense without regard to the guidelines. Davis v. State, [661 So.2d 1193] No. 84,155 (Fla. July 20, 1995). A rule 3.800 motion can be filed at any time, even decades after a sentence has been imposed, and as such, its subject matter is limited to those sentencing issues that can be resolved as a matter of law without an evidentiary determination. (Emphasis added).
Callaway, 658 So.2d at 987-988.
Now that Callaway has determined that rule 3.800 is not appropriate for resolving factual issues which require an evidentiary hearing, Fla.R.App.P. 9.140(g), which appears to authorize evidentiary hearings after reversals of summary denials of 3.800 motions, should be changed so that it is consistent with Callaway.
In the present case, a review of the record should reveal when appellant was served with the capias while he was incarcerated. If the record does, his rule 3.800 motion would be appropriate for seeking relief. If that fact cannot be determined from the record, then the motion should be denied.
Reversed and remanded.
DELL and STEVENSON, JJ., concur.