667 So.2d 455 (1996)
David J. FORD, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3037.
District Court of Appeal of Florida, Fourth District.
January 31, 1996.
David J. Ford, Daytona Beach, pro se appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Aubin, Wade Robinson, Assistant Attorney General, West Palm Beach, for appellee.
PARIENTE, Judge.
Defendant appeals the denial of his 3.800 motion to correct illegal sentence based on a claim that the trial court erred in calculating the credit for time served to be 172 days. Rule 3.800 is a proper vehicle for seeking jail credit. See Fountain v. State, 660 So.2d 376 (Fla. 4th DCA 1995). The state concedes and we agree that because defendant's motion was facially sufficient, the trial court must attach portions of the record sufficient to refute the allegations in order to support its summary denial. See Fountain; Haggerty v. State, 632 So.2d 668 (Fla. 4th DCA 1994); Thomas v. State, 634 So.2d 175 (Fla. 1st DCA 1994).
This appeal is defendant's second appeal from denial of a 3.800 motion. Defendant's initial appeal was dismissed as untimely and thus there was no adjudication on the merits. As to this second motion, the state argued to the trial court that defendant's motion was barred by the doctrine of res judicata and the trial court agreed. However, the state now acknowledges that because an illegal sentence can be corrected at any time, a successive motion was not barred. See Anderson v. State, 584 So.2d 1127 (Fla. 4th DCA 1991).
In this case, defendant would be entitled to credit for time spent in jail awaiting disposition for the escape in addition to the credit for the time he previously spent in jail. He would not, however, be entitled to credit for the time he was not in custody due to escape because when a prisoner escapes, his sentence is tolled. See Adams v. Wainwright, *456 275 So.2d 235 (Fla. 1973); Hopping v. State, 650 So.2d 1087 (Fla. 3d DCA 1995).
If upon remand the trial court determines that the files before it do not contain documentation that either refutes or substantiates defendant's claim, the trial court should note the absence of any information in its order.[1]See Thomas. Moreover, in the absence of record documentation that would refute the claim, the denial of the 3.800 motion would be without prejudice to defendant's right to file a timely sworn motion for post-conviction relief on the same grounds, pursuant to Florida Rule of Criminal Procedure 3.850. See Haggerty. At the present time there is no provision for an evidentiary hearing pursuant to rule 3.800. See State v. Callaway, 658 So.2d 983 (Fla. 1995); Sullo v. State, 663 So.2d 11 (Fla. 4th DCA 1995); Fountain. Therefore, if the record offers no indication as to the correctness of the credit for time served, the validity of defendant's contentions could only be determined after an evidentiary hearing following a 3.850 motion.
GLICKSTEIN and DELL, JJ., concur.
NOTES
[1] It would facilitate appellate review if trial courts would note the absence of any documentation refuting or substantiating the defendant's claim in orders denying a 3.800 motion without attachments.