PER CURIAM.
Steven Nichols appeals the denial of his motion to correct an illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. He challenges the sufficiency of presentence jail time credit he received in this case. We reverse because the trial court did not attach portions of the file and records conclusively showing that the appellant was entitled to no relief.
The appellant entered a plea of no contest to two charges of attempted capital sexual battery. He was sentenced to twenty years on the first count and fifteen years on the second count to be served consecutively. He received 251 days credit for time served on each offense.
The appellant argues that pursuant to his plea agreement and the court’s pronouncements in open court he was entitled to 522 days jail credit because he was continuously incarcerated from December 15, 1990, to May 20, 1992, the date of his adjudication. According to his motion he was in jail in New York on these charges from December 15, 1990, to December 15, 1991, and in Florida from December 15, 1991, to May 20, 1992.
The trial court denied the motion attaching a certified copy of an arrest warrant showing service in Manatee County, Florida, on September 12, 1991. However, this document does not refute the appellant’s allegation that he was promised credit for time served as part of his plea agreement. Because the record does not conclusively establish that the appellant is entitled to no relief, we reverse the order and remand for further proceedings.
On remand, if the trial court should deny the motion again, it shall attach such portions of the file, sentencing or plea proceedings that conclusively refute the appellant’s allegations.
Reversed and remanded.
THREADGILL, C.J., and BLUE and WHATLEY, JJ., concur.