672 So.2d 566 (1996)
Wilbert Lee HOLLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 96-0058.
District Court of Appeal of Florida, Fifth District.
March 29, 1996.
Rehearing Denied April 26, 1996.
Wilbert Lee Holland, Jasper, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Lori E. Nelson, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Judge.
Wilbert Lee Holland (defendant) appeals the trial court's summary denial of his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.800(a). Because we cannot determine whether the trial court considered the defendant's claim that his sentences exceeded the statutory maximums, we must reverse on this issue. In all other respects, we affirm.
On December 6, 1991, the defendant was sentenced for the crimes of attempted robbery with a deadly weapon,[1] robbery with a deadly weapon,[2] kidnapping,[3] armed burglary of a dwelling,[4] three counts of aggravated *567 assault with a deadly weapon,[5] and attempted sexual battery.[6] The category 9 scoresheet used at sentencing reflected a total of 323 points corresponding to a 9-22 year permitted range. The defendant was sentenced to twenty years in prison followed by six years probation.
In his motion the defendant contended that he was entitled to receive post-conviction relief because 1) the sentencing scoresheet contained errors resulting in an improper departure from the guidelines, and 2) the sentences imposed for the aggravated assault, attempted robbery and attempted sexual battery exceed the statutory maximum allowed by law. The trial court summarily denied the motion.
First, the defendant asserts that the trial court erred in scoring 32 points for victim injury. Specifically, the defendant maintains that the state failed to establish actual physical injury so as to justify the scoring of victim injury points. This claim is not cognizable in a rule 3.800(a) proceeding because any alleged error is not readily ascertainable from the face of the record. State v. Callaway, 658 So.2d 983 (Fla.1995); Davis v. State, 661 So.2d 1193 (Fla.1995); Pace v. State, 662 So.2d 1001 (Fla. 1st DCA 1995).
Defendant next argues that the offense of attempted sexual battery was erroneously scored as a first degree felony. The defendant is correct that the offense of attempted sexual battery was incorrectly scored as a first degree felony; however, the error does not move the defendant into a lower guideline cell, and therefore the error is harmless.
The defendant further seeks relief by arguing that the sentences imposed for the aggravated assault, attempted robbery, and attempted sexual battery convictions are illegal because they exceed the maximum authorized by law for second and third degree felonies. The exhibits attached to the order denying the defendant's motion are incomplete making it impossible for this court to determine whether the sentences for the second and third degree felonies were in excess of those permitted by statute. Under these circumstances, we must vacate. In so doing, we note that, if the sentences exceed the statutory maximum, then they are illegal, entitling the defendant to relief at any time, even if the motion seeking relief is successive. Ford v. State, 667 So.2d 455 (Fla. 4th DCA 1996).
The order of the trial court is vacated and this matter remanded with instructions that the trial court attach the entire judgments and corresponding sentences to its order denying relief, or, in the alternative, correct the defendant's sentences.
AFFIRMED in part, REVERSED in part, REMANDED.
GOSHORN and HARRIS, JJ., concur.
NOTES
[1] A second degree felony under sections 812.03(2)(a) and 777.04, Florida Statutes (1991).
[2] A first degree felony punishable by life under section 812.13(2)(a), Florida Statutes (1991).
[3] A first degree felony punishable by life under section 787.01, Florida Statutes (1991).
[4] A first degree felony punishable by life under section 810.02(2), Florida Statutes (1991).
[5] A third degree felony under section 784.021(1)(a), Florida Statutes (1991), punishable by a maximum of five years in prison under section 775.082, Florida Statutes (1991).
[6] A second degree felony under sections 794.011(3) and 777.04, Florida Statutes (1991).