674 So.2d 214 (1996)
Robert SULLIVAN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1322.
District Court of Appeal of Florida, Fourth District.
June 5, 1996.
Robert Sullivan, Crestview, pro se.
Keith W. Davis, Assistant State Attorney, West Palm Beach, for appellee.
PER CURIAM.
We affirm the denial of appellant's motion filed pursuant to Florida Rule of Criminal Procedure 3.800 claiming that appellant's sentence is illegal because he was entitled to additional jail credit time. We affirm because as we read Davis v. State, 661 So.2d 1193, 1196 (Fla.1995), "only if the sentence *215 exceeds the maximum allowed by law would the sentence be illegal." In the instant case, appellant was convicted of a first degree felony which carries with it a maximum penalty of thirty years. As appellant was sentenced to only seven years incarceration, under no circumstance would the additional jail time exceed the statutory maximum. Based on Davis, appellant could not obtain relief under Rule 3.800(a).[1] We acknowledge that both our court and others since Davis have continued to consider Rule 3.800 motions based upon improper jail credits. See Ford v. State, 667 So.2d 455 (Fla. 4th DCA 1996); Fountain v. State, 660 So.2d 376 (Fla. 4th DCA 1995); Nichols v. State, 668 So.2d 278 (Fla. 2d DCA 1996). We therefore certify the following question to the Florida Supreme Court:
DOES STATE V. DAVIS, 661 SO.2D 1193 (FLA.1995), APPLY TO MOTIONS FILED UNDER RULE 3.800 REQUESTING JAIL CREDIT SO THAT SUCH MOTIONS MAY NOT BE RAISED WHERE THE SENTENCE WOULD NOT EXCEED THE MAXIMUM SENTENCE ALLOWED BY LAW?
GUNTHER, C.J., WARNER and PARIENTE, JJ., concur.
NOTES
[1] Relief would be available under Florida Rule of Criminal Procedure 3.850. If a defendant is beyond the time period for Rule 3.850 relief and the sentence has been served but for the improper jail credit time, a petition for habeas corpus would offer relief.