GLICKSTEIN, Judge,
dissenting.
The present case is significantly distinguishable from Sullivan v. State, 674 So.2d 214 (Fla. 4th DCA 1996); therefore, that recent decision, in my view, is not a fair basis upon which to affirm.
First, in the present case the motion filed by appellant in the trial court met the formal requirements of Florida Rule of Criminal Procedure 3.850 whereas Sullivan did not.
Second, the state’s response in the present case acknowledges that neither the trial court’s orders nor the record before us justify the trial court’s denial of credit for time served. In fact, to its credit, the state’s response concludes:
WHEREFORE the State respectfully requests that this court permit the trial court to attach the appropriate documentation reflecting dates of arrest, length of time actually detained, and the basis for specific denial of credit, or alternatively, if this court consider this matter as being raised pursuant to rule 3.850, an evidentiary hearing to allow for proper record documentation.
In Sullivan, the only response by the state was at the trial court level; and it asserted appellant there was not entitled to relief.