PER CURIAM.
The appellant challenges an order of the trial court by which his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a) was denied. Although the motion states a facially sufficient basis for his entitlement to unforfeited gain time under State v. Green, 547 So.2d 925 (Fla.1989), the appellant has not asserted, and it does not. otherwise appear from the record before us, that his sentence exceeds the statutory maximum for his offense. See Davis v. State, 661 So.2d 1193 (Fla.1995); King v. State, 681 So.2d 1136 (Fla.1996). Accordingly, the appellant’s claim would appear to be no longer cognizable under rule 3.800(a). See Sullivan v. State, 674 So.2d 214 (Fla. 4th DCA 1996); but see Ford v. State, 667 So.2d 455 (Fla. 4th DCA 1996); Nichols v. State, 668 So.2d 278 (Fla. 2d DCA 1996). Because of the apparent confusion over the applicability of rule 3.800(a) to such claims, we certify the following question of great public importance to the supreme court:
WHERE THE TRIAL COURT RECORD REVEALS THAT THE TRIAL COURT HAS FAILED TO AWARD CREDIT FOR UNFORFEITED GAIN TIME AS REQUIRED BY STATE V. GREEN, IS THE ERROR REMEDIABLE UNDER RULE 3.800(A) EVEN THOUGH THE DENIAL OF CREDIT HAS NOT CAUSED THE DEFENDANT TO BE SENTENCED TO A. PERIOD IN EXCESS OF THE STATUTORY MAXIMUM FOR HIS OFFENSE?
The order is affirmed and the question is certified.
MINER, ALLEN and LAWRENCE, JJ., concur.