689 So.2d 1280 (1997)
Wesley BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 97-185.
District Court of Appeal of Florida, Fifth District.
March 21, 1997.
Wesley Lamar Brown, Jasper, pro se.
No appearance for Appellee.
W. SHARP, Judge.
Brown appeals from the summary denial of his amended motion for jail time credit, filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The trial court attached no documents to its summary denial sufficient to demonstrate Brown is not entitled to more than 163 days of credit. And, his motion was filed prior to the expiration of the two-year time limit for filing a rule 3.850 motion.
This court has ruled that a claim for additional credit for time served is not cognizable in a rule 3.800(a) motion, unless the denial of credit caused a defendant's sentence to exceed the statutory maximum allowed by law. See Chaney v. State, 678 So.2d 880 (Fla. 5th DCA 1996). See also See Berry v. State, 684 So.2d 239 (Fla. 1st DCA 1996); Sullivan v. State, 674 So.2d 214 (Fla. 4th DCA 1996). But see, Bigham v. State, 679 So.2d 1253 (Fla. 2d DCA 1996); Hood v. State, 676 So.2d 79 (Fla. 3d DCA 1996). That exception is not applicable in this case. Accordingly, Brown should have raised his claim for additional time credit in a rule 3.850 motion.
We affirm the denial of Brown's motion filed pursuant to rule 3.800(a). However, under the circumstances of this case, our denial is without prejudice to Brown to file, within 30 days of this opinion, a rule 3.850 motion raising this issue.
AFFIRMED.
DAUKSCH and ANTOON, JJ., concur.