700 So.2d 800 (1997)
Nathaniel MORELAND, Appellant,
v.
STATE of Florida, Appellee.
No. 97-1213.
District Court of Appeal of Florida, Fourth District.
October 29, 1997.
Nathaniel Moreland, Bushnell, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant Nathaniel Moreland appeals the summary denial of his rule 3.800(a) motion for additional credit for jail time served. We affirm in part and reverse in part and remand.
Appellant was found guilty of one count of possession of a firearm by a convicted felon, a second degree felony, and two counts of aggravated assault, each a third degree felony. For the first count, he was sentenced to eight years, concurrent with the sentences imposed in the other two counts, with 12 days credit for incarceration. For each of the other two counts, he was sentenced to five years, with a three-year mandatory minimum, with the sentence for count III consecutive to that for count II, and credited with 12 days of incarceration. His sentence became final on December 21, 1990, when the mandate issued affirming his direct appeal.
On June 27, 1996, Appellant filed a motion to allow credit for jail time served, alleging *801 that he was entitled jail credits in the following amounts: (1) 21 days after his arrest in Savannah, Georgia; (2) 2 days travel time when extradited to Florida; (3) 1 day in Broward County Jail prior to bonding out; (4) 4 months in Broward County Jail after his bond was revoked; (5) 31 days prior to sentencing after he bonded out and bond was again revoked; and (6) 8 days after sentencing prior to transfer to the department of corrections. His motion requested additional credit to the extent the foregoing exceeded the twelve days awarded upon sentencing. The trial court summarily denied the motion without attaching any record excerpts, based on the state's response that a motion to correct jail time credit is no longer cognizable on a rule 3.800(a) motion. See Sullivan v. State, 674 So.2d 214 (Fla. 4th DCA 1996).
We affirm without prejudice the denial with respect to the credit requested for time served after sentencing. Appellant's remedy is to request the credit from the Department of Corrections; after exhausting his administrative remedy, Appellant may file a petition for writ of mandamus against the Department. See Taylor v. State, 677 So.2d 75 (Fla. 4th DCA 1996); Washington v. State, 662 So.2d 1027 (Fla. 5th DCA 1995).
We also affirm the denial as to the other relief requested as to the first count, in which Appellant was sentenced to eight years on a second degree felony, which carried a maximum sentence of fifteen years, § 775.082(3)(c). As this court stated in Sullivan, the supreme court provided in Davis v. State, 661 So.2d 1193, 1196 (Fla.1995), that a sentence was illegal, and therefore cognizable under rule 3.800(a), only if it exceeded the maximum allowed by law. Accord Brown v. State, 689 So.2d 1280 (Fla. 5th DCA 1997); Berry v. State, 684 So.2d 239 (Fla. 1st DCA 1996). But see Swyck v. State, 693 So.2d 618 (Fla. 2d DCA 1997); Gonzalez v. State, 678 So.2d 433 (Fla. 3d DCA 1996). Otherwise, according to Sullivan, a claim for such relief would be appropriate in a motion filed pursuant to rule 3.850. However, such a claim would now be time barred in this case. Fla. R.Crim. P. 3.850(b).
However, as to the two counts for third degree felonies, for which the maximum sentence is five years, § 775.082(3)(d), Appellant was sentenced to the five-year maximum for each one. Therefore, any error in crediting him with jail time could cause him to serve a sentence in excess of the maximum allowed by law, making it an illegal sentence under Davis, and cognizable under rule 3.800(a). See Mitchell v. State, 696 So.2d 957 (Fla. 4th DCA 1997) (affirming trial court's order granting rule 3.800(a) motion in part, giving appellant jail time credit against only sentence which consigned him to imprisonment for the statutory maximum allowed for the offense); see also Sullivan (noting sentence could not exceed statutory maximum due to alleged denial of jail time credit because appellant was sentenced to only seven years for offense with thirty-year maximum); Brown, 689 So.2d at 1280 (noting claim for credit for time served is not cognizable under rule 3.800(a) "unless the denial of credit caused a defendant's sentence to exceed the statutory maximum allowed by law") (emphasis added). Therefore, as to these counts, Appellant's claim for time served prior to sentencing is cognizable under rule 3.800(a).
To the extent Appellant has requested credit for time served after sentencing prior to his transfer to the Department, we affirm the denial without prejudice to Appellant's right to pursue his administrative remedy and thereafter to file a petition for writ of mandamus against the Department in the circuit court. Otherwise, we affirm the trial court's denial of the motion as it relates to Appellant's first count, and reverse and remand the denial as it relates to the other two counts. As to those two counts, the trial court is directed to review the record and determine whether Appellant is entitled to the relief requested. See Fountain v. State, 660 So.2d 376 (Fla. 4th DCA 1995) (providing that relief under rule 3.800(a) is limited to issues that can be resolved as matter of law without evidentiary determination); State v. Callaway, 658 So.2d 983 (Fla.1995).
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
STONE, C.J., and GUNTHER and SHAHOOD, JJ., concur.