705 So.2d 608 (1997)
Arzy RICHARDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2839.
District Court of Appeal of Florida, Fifth District.
December 19, 1997.
Rehearing Denied February 10, 1998.
Arzy Richardson, Bristol, pro se.
No Appearance for Appellee.
W. SHARP, Judge.
Richardson appeals from the trial court's summary order denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a), which raises two grounds. We affirm.
Richardson first alleges he received an illegal sentence. He pled guilty to the offense of second degree murder without a weapon.[1] He argues the 40-year sentence he received for that offense is beyond the statutory maximum, because it exceeds 15 years. Apparently Richardson is under the impression that second degree murder is a second degree felony. Second degree murder is actually a first degree felony, punishable *609 by imprisonment for a term of years, not exceeding life. § 782.04(2), Fla. Stat. (1993).
Secondly, Richardson alleges errors were made in his scoresheet for sentencing purposes. His argument that his second degree murder conviction was improperly scored as a first degree felony rather than a second degree felony, is erroneous as a matter of law as pointed out above. He also claims the trial court improperly scored as "prior record," juvenile offenses that fell outside the three years prior to commission of the primary offense. We can afford Richardson no relief on this claim because this type of error (if it exists) is not apparent on the face of the scoresheet. Thus it is not cognizable through proceedings brought pursuant to rule 3.800(a). See Holland v. State, 672 So.2d 566 (Fla. 5th DCA 1996).
AFFIRMED.
GOSHORN and ANTOON, JJ., concur.
NOTES
[1] § 782.04(2), Fla. Stat. (1993).