W. SHARP, Judge.
We affirm the trial court’s summary denial of Newlon’s motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a), which *209 seeks additional jail time credit against his sentence. Newlon failed to allege that the incomplete award of credit resulted in his serving a sentence that exceeds the statutory maximum. Thus, this issue cannot be considered pursuant to rule 3.800(a). The proper vehicle to raise the issue of jail time credit when the sentence does not exceed the statutory maximum is by filing a motion pursuant to Florida Rule of Criminal Procedure 3.850. See Ramos v. State, 697 So.2d 231 (Fla. 5th DCA 1997) (proper vehicle to receive jail credit when sentence does not exceed statutory maximum is 3.850 motion); Brown v. State, 689 So.2d 1280 (Fla. 5th DCA 1997); Chaney v. State, 678 So.2d 880 (Fla. 5th DCA 1996).
Accordingly, we affirm but without prejudice to Newlon to file a timely motion pursuant to rule 3.850.
AFFIRMED.
GOSHORN and THOMPSON, JJ., concur.