PER CURIAM.
Jaime Sauceda challenges the trial court’s denial of his motion to credit jail time served and/or motion to correct scoresheet errors, treated as if filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure. We affirm in part, reverse in part, and remand for further proceedings.
In connection with the jail credit issue, Appellant alleged he was placed on three years drug offender probation on December 20, 1996, for burglary of a dwelling. On November 25, 1997, his probation was revoked and he was given 85 days credit for time served against a sentence, variously stated as 25.95 months and as 25.25 months in prison. In his motion, he claimed entitlement to credit for six months spent in jail between July 1996 and December 1996, which was not mentioned at the sentencing hearing and for which he was not credited.
Originally, this court affirmed the denial without prejudice to Appellant’s filing a rule 3.850 motion to raise the claim for jail time credit.[1] Sauceda v. State, 23 Fla. L. Weekly D1515 (Fla. 4th DCA June 17, 1998).
While this case was pending on appeal, the Florida Supreme Court, settling a conflict between the districts, held in State v. Mancino, 714 So.2d 429, 433 (Fla.1998), that “if the record reflects that a defendant has served time prior to sentencing on the charge for which he was tried and convicted, and a sentence does not properly credit the defendant with time served, then that sentence may be challenged under rule 3.800.” Accordingly, the state now concedes, and we agree, that this case should be remanded to the trial court to determine whether court records reflect an undisputed entitlement to *108 the additional jail credit Appellant requested, and if they do, then to grant Appellant such additional credit. If such entitlement is not apparent from the face of the record, however, then the trial court’s denial should be without prejudice to Appellant’s filing a sworn rule 3.850 motion requesting such credit.
Appellant’s claim of scoresheet error is based on his argument that burglary of an occupied dwelling without a weapon and without violence is a level six offense, for which he should have received only thirty-six points; in calculating what he thought should be his total, he also added “.02” for a misdemeanor in his prior record. Appellant is mistaken as to these two points. Burglary of an occupied dwelling is a level seven offense, see § 921.0012(3)(g), Fla. Stat. (1995), for which the guidelines scoresheet assigns forty-two points, not thirty-six, see Fla. R.Crim. P. 3.990(a). Second, the scoresheet indicates that a misdemeanor in the prior record receives “0.2” point, id., not “.02.” When these corrections are made to the numbers supplied by Appellant, 25.25 prison months becomes Appellant’s maximum guidelines sentence. Accordingly, he has failed to show a miscalculation of his sentencing guidelines scoresheet, and the denial is affirmed as to this point.
Affirmed in part; reversed in part and remanded for further proceedings.
STONE, C.J., and STEVENSON and SHAHOOD, JJ., concur.

. This court had held in Sullivan v. State, 674 So.2d 214 (Fla. 4th DCA 1996), that a motion to correct jail time credit was not cognizable on a rule 3.800(a) motion, since the supreme court provided in Davis v. State, 661 So.2d 1193, 1196 (Fla.1995), that a sentence was illegal only if it exceeded the maximum allowed by law. However, we recognized in Sullivan that such relief would be appropriate in a moLion filed pursuant to rule 3.850. 674 So.2d at 215 n. 1.