THOMPSON, J.
Charles Ingledue appeals the denial of his Rule 3.850 motion which was denied as successive. Ingledue had filed two previ *519 ous motions to correct the credit for time served awarded at sentencing. The trial court ruled on the merits of those motions. Ingledue now has filed a 3.850 motion alleging ineffective assistance of counsel. In denying the motion, the court concluded that the prior motions were “properly brought pursuant to Rule 3.850, Fla. R.Crim. P.” and therefore, Ingledue’s motion was successive. The court relied upon two cases, among others, from this court, Brown v. State, 689 So.2d 1280 (Fla. 5th DCA 1997), and Chaney v. State, 678 So.2d 880 (Fla. 5th DCA 1996). In Brown and Chaney, we held that a motion to correct jail time credit was not cognizable in a Rule 3.800(a) motion unless the sentence was illegal in that it exceeded the statutory maximum. Otherwise the claim should be raised in a Rule 3.850 motion.
In State v. Mancino, 714 So.2d 429 (Fla.1998), the Florida Supreme Court disapproved these holdings. The Court stated:
The entitlement to time served is not a disputed issue of fact in the sense that an evidentiary hearing is needed to determine where there is such an entitlement. Hence, if the record reflects that a defendant has served time prior to sentencing on the charge for which he was tried and convicted, and a sentence that does not properly credit the defendant with time served, then that sentence may be challenged under Rule 3.800.
Ingledue’s prior motions were properly filed pursuant to Rule 3.800, and therefore, this 3.850 motion is not successive. We reverse and remand with directions that the trial court consider this Ingledue’s first Rule 3.850 motion, and to address his claims on the merits.
REVERSED and REMANDED for consideration on the merits.
DAUKSCH and ANTOON, JJ., concur.