THOMPSON, C.J.
Derick E. Hatchett appeals the denial of his Rule 3.800 motion. He alleges that he is entitled to relief pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). He also alleges the sentence affected his gain time. We affirm.
To be entitled to relief pursuant to Heggs, Hatchett must allege that his crime fell within the window period covered by Heggs and that his sentence could not have been imposed without a departure from the 1994 guidelines. The Florida Supreme Court ruled that the Heggs window period runs from 1 October 1995 to 24 May 1997. See Trapp v. State, 760 So.2d 924 (Fla. 2000). Hatchett must meet both prongs of this two-pronged test to be entitled to relief. There is no doubt that Hatchett falls within the window period; however, *500 he concedes that his sentence would not be a departure from the 1994 guidelines. He states that “his sentence is within the legally permitted range of the guidelines enforced before the effective date of Chapter 95-184.” Therefore, he is not entitled to relief.
Hatchett also argues that his sentencing affected his entitlement to gain time. He argues that because Chapter 95-184 amended section 944.275, Florida Statutes, it reduced the incentive gain time for which he is eligible. Although Hatchett may be correct, his proper remedy is with the Department of Corrections. He must pursue and exhaust his administrative remedies with the Department of Corrections. If he were unsuccessful, he would then need to petition the circuit court for a writ of mandamus. See Moreland v. State, 700 So.2d 800 (Fla. 4th DCA 1997) (rather than move to correct an illegal sentence, an appropriate course of action is to request credit from DOC, and, after exhausting administrative remedies, to file petition for writ of mandamus against DOC); Green v. State, 698 So.2d 575 (Fla. 5th DCA 1997) (error in calculating credit for unforfeited gain time is DOC’s fault, so proper remedy is administrative complaint, then mandamus in trial court); McConnaughy v. State, 684 So.2d 851 (Fla. 5th DCA 1996) (prisoner claiming DOC had erroneously applied new regulation to deny gain time award must first pursue this administrative remedies and if necessary file a petition for writ of mandamus in the circuit court).
For these reasons, we affirm the order entered by the trial court.
AFFIRMED.
PETERSON and SAWAYA, JJ., concur.