807 So.2d 725 (2002)
John S. MILNE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-3756.
District Court of Appeal of Florida, Fourth District.
February 6, 2002.
John S. Milne, West Palm Beach, pro se.
No appearance required for appellee.
*726 STEVENSON, J.
We affirm the order summarily denying appellant's rule 3.800(a) motion seeking credit for jail time served from the time of his re-arrest after escaping, to the time he was sentenced on the escape charge. Although appellant filed the motion in the escape case, he is actually seeking credit against his original sentence of incarceration, from which he escaped. In any event, appellant's claim is facially and procedurally improper.
First, the motion is facially insufficient because it fails to allege that the trial court records demonstrate on their face an entitlement to relief and to specify where in the record the necessary information can be located and how the record demonstrates his entitlement to relief. See Skullestad v. State, 790 So.2d 516 (Fla. 4th DCA 2001); Toro v. State, 719 So.2d 947, 948 (Fla. 4th DCA 1998). Secondly, the claim is procedurally improper. If appellant is entitled to credit against the original sentence for time spent in jail prior to resolution of his escape charge, as he may well be, credit must first be sought through administrative channels at the Department of Corrections and, after exhausting those administrative remedies, through a petition for writ of mandamus filed in the circuit court. See Adams v. Wainwright, 275 So.2d 235 (Fla.1973) (finding that the time awaiting an escape trial is a mandatory continuation of the original sentence as a matter of law, so a defendant is due credit for time served in county jail between capture and completion of the escape trial); Knight v. State, 681 So.2d 772 (Fla. 2d DCA 1996)(noting that the DOC has the responsibility of granting post-sentencing jail credit through administrative proceedings); see also Moreland v. State, 700 So.2d 800, 801 (Fla. 4th DCA 1997) (same).
Accordingly, we affirm without prejudice to appellant seeking relief through the appropriate means.
FARMER and MAY, JJ., concur.