925 So.2d 435 (2006)
Eric ACRES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-60.
District Court of Appeal of Florida, Fifth District.
April 7, 2006.
*436 Eric Acres, Madison, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Acres appeals from the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a) to correct his sentence. He raises three issues, one of which we consider has merit. We affirm in part, and reverse and remand in part.
The record discloses that Acres pled nolo contendere to child abuse and neglect of a child.[1] He was sentenced on each count to time served followed by two years probation. He was found to have violated his probation for a second time on April 2, 2004, and it was revoked. He was sentenced to concurrent terms of 66 months in prison with credit for time served. We affirmed his judgment and sentence on direct appeal. Acres v. State, 889 So.2d 82 (Fla. 5th DCA 2004).
Acres first argues his 66-month sentence is greater than the initial split sentences imposed. Taking the position that he was initially sentenced to time served to be followed by two years on probation, Acres concludes that the court could not exceed two years in imposing *437 sentence after revocation of probation. We disagree. Acres was not given a "true" split sentence where the total amount of incarceration was predetermined. He was given a probationary split sentence of time served to be followed by two years on probation. After revoking his probation, the court was authorized to impose any sentence that it could have originally imposed.[2]
Second, Acres claims his sentencing scoresheet was incorrect because he had no prior felony convictions for robbery with a deadly weapon or burglary of a dwelling with a weapon. He contends both of these charges were dropped into a single charge of burglary. This error prejudiced his sentencing score by increasing it by 42 points. This contention raises fact issues, which require an evidentiary hearing. Thus, a Rule 3.800(a) motion is not an appropriate remedy. See Richardson v. State, 705 So.2d 608 (Fla. 5th DCA 1997).
The third issue raised by Acres is that the sentences of 66 months incarceration exceed the statutory maximum penalty of 60 months and are illegal. Child abuse and neglect of a child are both third degree felonies, for which the maximum sentence is 60 months. See § 827.03(1) and (3)(c), Fla. Stat. (2005). This is the kind of claim for which Rule 3.800(a) relief was intended, where the error is apparent on the face of the record.
The trial court should have addressed this ground. It failed to do so. We remand to the trial court for the purposes of granting the relief requested or attaching portions of the record that show Acres did not receive an illegal sentence. It is possible that Acre's Criminal Punishment Code scoresheet resulted in a lowest permissible sentence, which exceeded the statutory maximum penalty for a third degree felony. See Fla. R.Crim. P. 3.704(d)(25). If so, attachment of the scoresheet and a ruling denying relief would suffice.
AFFIRMED in part, REVERSED and REMANDED.
GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] See § 827.03(1) and (3)(c), Fla. Stat. (2005).
[2] § 948.06(2)(e), Fla. Stat. (2005); Poore v. State, 531 So.2d 161 (Fla.1988).