PER CURIAM.
Affirmed. See Gross v. State, 820 So.2d 1043 (Fla. 4th DCA 2002) (holding that trial court did not impose an illegal sentence when it applied the sentencing guidelines in effect at the beginning of appellant’s criminal enterprise rather than those in effect at the end, because there was no statute or other rule that addressed the issue of which guidelines to apply to a continuing criminal enterprise); Gross v. State, 728 So.2d 1206 (Fla. 4th DCA 1999) (holding that convictions for grand theft charges, which were the predicate offenses for RICO conviction, did not violate double jeopardy); Hatchett v. State, 766 So.2d 499 (Fla. 5th DCA 2000) (stating that where appellant’s claim is that use of wrong guidelines affected his gain time, appellant must first exhaust his administrative remedies with the Department of Corrections).
WARNER, POLEN and HAZOURI, JJ., concur.